UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAYTON OATES,<br>    131 Madeira Avenue<br>    Coral Gables, FL 33134<br><br>                        Plaintiff,<br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave NW, Washington, D.C. 20004<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW Washington, D.C. 20520<br><br>U.S. DRUG ENFORCEMENT ADMINISTRATION<br>8701 Morrissette Drive, Springfield, VA 22152<br>                        Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT<br><br>Case No.: 1:26-cv-107 |

## INTRODUCTION

1.      This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, to compel U.S. Customs and Border Protection ("CBP"), U.S. Department of State ("DOS"), and the U.S. Drug Enforcement Administration ("DEA") to comply with FOIA requests filed on behalf of Hilarion Javier Cordero Staufert, seeking records essential to Mr. Cordero Staufert's immigration-related matters.

2.      In this lawsuit, Plaintiff seeks production of records improperly withheld and to compel the agencies to conduct an adequate search as FOIA requires.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction under 28 U.S.C. § 1331.

1

4. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

6. Plaintiff Clayton Oates is an attorney with the law firm Kurzban Kurzban Tetzeli and Pratt. He is the requestor for the CBP, DOS, and DEA FOIA requests at issue in this litigation, in connection with his representation of Mr. Cordero Staufert.

7. Defendant CBP is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA requests.

8. Defendant DOS is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA requests.

9. Defendant DEA is an agency within the meaning of 5 U.S.C. § 522(f)(1). It has possession, custody, and control over records responsive to Plaintiff's FOIA requests.

## STATEMENT OF FACTS

**A. Statutory Framework**

10. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 522(a)(3)(A).

11. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

12. An agency must comply with a FOIA request by issuing a determination within 20 business days of receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

13. The determination "must at least inform the request of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to

withhold under any FOIA exemptions." Citizens for Responsibility & Ethics in Wash. v. FEC, 771 F.3d 180, 186 (D.C. Cir. 2013).

14. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

15. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

16. An agency's failure to comply with any timing requirement is deemed a constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

17. After an agency responds to a FOIA request, a requestor may file an administrative appeal. An agency must respond to administrative appeal within 20 business days of receiving an appeal. *Id.* § 552(a)(6)(A)(ii).

18. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

19. In responding to a FOIA request, an agency must make a reasonable search. See 5 U.S.C. § 552(a)(3)(C). FOIA also prohibits an agency from improperly withholding responsive records, *id.* § 552(a)(3)(A), or failing to produce segregable information, id. § 552(a)(8)(A)(ii).

**B. Factual Background**

20. Plaintiff Clayton Oates is an attorney with the law firm Kurzban Kurzban Tetzeli & Pratt, P.A., and he seeks records held by DHS, DOS, and DEA that are essential to his representation of Mr. Cordero Staufert.

### CBP FOIA

21. Plaintiff filed a FOIA request with CBP on November 18, 2025. The request seeks a copy of records related to Mr. Cordero Staufert's entries into the United States, along with other records in the possession of CBP related to Mr. Cordero Staufert's admissibility to the United States.

22. CBP assigned the request number **CBP-FO-2026-023404**.

23. To date, CBP has not produced records in response to the FOIA request, nor has CBP invoked any "unusual circumstances" that would warrant an extension of time of FOIA's statutory deadline to produce the requested records.

### DOS FOIA

24. On November 18, 2025, Plaintiff filed a FOIA request seeking records from DOS concerning the application, issuance, denial, and/or revocation of Mr. Cordero Staufert's immigrant or nonimmigrant visas, as well as related records held by DOS.

25. DOS assigned the FOIA request control number F-2026-03571.

26. On December 8, 2025, DOS informed Plaintiff that it would be unable to respond to the FOIA request in 20 business days, due to "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

27. To date, DOS has not produced records in response to the FOIA request.

**DEA FOIA**

28. On November 18, 2025, Plaintiff filed a FOIA request with the DEA seeking records the agency holds regarding a meeting held between the agency and Plaintiff's client Mr. Corder Stauffert, and other related records.

29. On November 20, 2025, the DEA acknowledged receipt of the FOIA request and assigned it request number **26-00062-P**.

30. To date, DEA has not produced records in response to the FOIA request, nor has DEA invoked any "unusual circumstances" that would warrant an extension of time of FOIA's statutory deadline to produce the requested records.

## CAUSES OF ACTION

### Count I:
### Agencies' Failure to Respond to Request Within Statutory Timeframe

31. Plaintiff incorporates paragraphs 1 through 30, as if fully stated in this Count.

32. CBP and DEA have failed to respond to Plaintiff's FOIA requests within the statutorily mandated timeframe, in violation of FOIA, 5 U.S.C. § 522(a)(6)(A)(i).

33. Though DOS cited "unusual circumstances" to extend FOIA's statutory deadline to produce the requested records, DOS has failed to respond to Plaintiff's request after ten *additional* working days, so is therefore in violation of FOIA. *See* 5 U.S.C. § 522(a)(6)(B)(i) ("No such notice [of an extension due to unusual circumstances] shall specify a date that would result in an extension for more than then working days [. . . ]").

34. Plaintiff is entitled to an order compelling the agencies to adjudicate the administrative appeal and produce records in response to the FOIA requests.

### Count II:
### Agencies' Failure to Conduct Adequate Search and Produce Segregable Records

5

35. Plaintiff incorporates paragraphs 1 through 30, as if fully stated in this Count.

36. The agencies have failed to make reasonable efforts to search for records responsive to Plaintiff's FOIA request, in violation of FOIA. *See* 5 U.S.C. § 552(a)(3).

## ATTORNEYS' FEES

37. Plaintiff incorporates paragraphs 1 through 36 herein, as if fully stated in this Count.

38. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation costs in connection with this lawsuit. 5 U.S.C. § 552(a)(4)(E)(i).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on his behalf and:

   a. Declare that CBP is in violation of FOIA for failing to timely process Plaintiff's FOIA request.

   b. Order CBP to immediately adjudicate Plaintiff's FOIA request, conduct an adequate search for records, and produce all records responsive to Plaintiff's request;;

   c. Declare that DOS is in violation of FOIA for failing to timely process Plaintiff's FOIA request;

   d. Order DOS to immediately adjudicate Plaintiff's FOIA request, conduct an adequate search for records, and produce all records responsive to Plaintiff's request;

   e. Declare that DEA is in violation of FOIA for failing to timely process Plaintiff's FOIA request;

   f. Order DEA to immediately adjudicate Plaintiff's FOIA request, conduct an adequate search for records, and produce all records responsive to Plaintiff's request;

  g. Award Plaintiff costs and reasonable attorneys' fees incurred in bringing this action;

  h. Grant such other relief as the Court may deem just and proper.

Dated: January 14, 2026        Respectfully submitted,

                <u>/s/ Yanal Yousef</u>
                YANAL YOUSEF
                BAR ID: MD0242
                yyousef@kktplaw.com

                KURZBAN KURZBAN
                TETZELI & PRATT, P.A.
                910 17th Street NW (Barr Building)
                Suite 1140
                Washington D.C., DC 20006
                Tel: (305) 444-0060
                Fax: (305) 444-3503